UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SARASOTA BAYSIDE, LLC; BRASFIELD
& GORRIE, LLC

    Plaintiffs,

v.                                                                                          CASE NO.:8:25-cv-2426

ACE AMERICAN INSURANCE COMPANY;
XL INSURANCE AMERICA, INC.; OLD
REPUBLIC UNION INSURANCE
COMPANY,

    Defendants.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, ACE AMERICAN INSURANCE COMPANY ("ACE" or "Defendant") by and through its attorneys, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and M.D. Fla. Loc. R. 1.06 hereby removes to this Court the state court action described below:

1.    On or about August 8, 2025, Plaintiffs, SARASOTA BAYSIDE, LLC ("Sarasota") and BRASFIELD & GORRIE, LLC, ("B&G") (collectively "Plaintiffs"), filed their Original Complaint in The Twelfth Judicial Circuit Court in and for Sarasota County, Florida, under Case No.: 2025-CA-004070, against Defendants.

1

2. On August 14, 2025, ACE was served a copy of the Original Complaint.

3. In accordance with 28 U.S.C. §§ 1446(a) and M.D. Fla. Loc. R. 1.06, true and legible copies of all process, pleadings, orders, and other papers or exhibits of every kind filed with the state court are filed with this Notice of Removal, and attached as **Exhibit A.**

4. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) and (2)(B) as it is filed within thirty (30) days after ACE's receipt of Plaintiffs' Original Complaint on August 14, 2025.

5. This Notice of Removal is appropriate as this action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and pursuant to the provisions of 28 U.S.C. § 1441 in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. For purposes of diversity jurisdiction under 28 U.S.C. § 1332, a limited liability company is deemed a citizen of every state in which any of its members is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

7. After good-faith efforts, ACE is informed and believes that at the time the Original Complaint was filed, and at all times subsequent thereto, Plaintiff,

Sarasota, was and is a limited liability company and that Plaintiff's member(s) is/are citizen(s) of the State of Florida.

8. On August 27, 2025, ACE requested confirmation from counsel for Sarasota that its member(s) are citizen(s) of the State of Florida.

9. Plaintiff responded that Plaintiff is comprised of multiple LLCs and Trust entities which "are citizens of multiple states including without limitation Florida, Alaska, Alabama, Georgia, South Carolina, North Carolina, Tennessee, and Texas.

10. After good-faith efforts, ACE is informed and believes that at the time the Original Complaint was filed, and at all times subsequent thereto, Plaintiff, B&G, was and is a limited liability company and that Plaintiff's member(s) is/are citizen(s) of the State of Alabama.

11. On August 27, 2025, ACE requested confirmation from counsel for B&G that its member(s) are citizen(s) of the State of Alabama. Plaintiff's response is pending.

12. At the time the Original Complaint was filed, and at all times subsequent thereto, Defendant, ACE, was and is incorporated in the State of Pennsylvania with its principal place of business in Pennsylvania.

13. At the time the Original Complaint was filed, and at all times

subsequent thereto, Defendant, XL INSURANCE AMERICA, INC. ("XL"), was and is incorporated in the State of Delaware with its principal place of business in Connecticut.

14. At the time the Original Complaint was filed, and at all times subsequent thereto, Defendant, OLD REPUBLIC UNION INSURANCE COMPANY ("Old Republic"), was and is incorporated in the State of Delaware with its principal place of business in Illinois.

15. In this case, as it is a diversity action, Federal Rules require that the parties file disclosure statements.

16. FRCP 7.1(a)(1) requires filing of a disclosure identifying any parent corporation and any publicly held corporation owning 10% or more of its stock.

17. FRCP 7.1(a)(2) requires that parties in a diversity case file a disclosure statement naming and identifying the citizenship of every individual or entity whose citizenship is attributed to that party when the action is removed to federal court.

18. FRCP 7.1(b)(1) states that a party must file the disclosures with its first appearance, pleading, petition, motion, response, or other request addressed to the court.

19. Plaintiffs' disclosures, once filed pursuant to the Federal Rules and Local Rule 3.03, will show that none of its members are citizens of Connecticut,

Delaware, Illinois, or Pennsylvania.

20. Plaintiffs' Original Complaint alleges that "Insureds have suffered damages and will continue to suffer damages in the future in a sum presently estimated at $33,669,438 for loss associated with this Claim." See Composite Exhibit A, page 17. (Complaint, p. 12, para. 75).

21. Since this action involves citizens of different states, the amount in controversy exceeds $75,000 exclusive of interest and costs, and this Notice of Removal is timely filed, removal is proper.

22. Removal to the United States District Court for the Middle District of Florida, Tampa Division is proper because it is the district and division embracing the place where such action is pending, in accordance with 28 U.S.C. § 1441(a).

23. Promptly after the filing of this Notice of Removal, ACE will give written notice thereof to Plaintiffs and will file a copy of this Notice with The Twelfth Judicial Circuit Court in and for Sarasota County, Florida.

24. ACE has conferred with counsel for Defendants, XL and Old Republic and all Defendants consent to removal.

WHEREFORE, Defendant, ACE AMERICAN INSURANCE COMPANY, respectfully requests that the above-entitled state court action, currently pending in The Twelfth Judicial Circuit Court in and for Sarasota County, Florida, under Case

No.: 2025-CA-004070 be removed therefrom to the United States District Court for Middle District of Florida, Tampa Division, and that this Court assume jurisdiction of this action and make such further orders as may be required.

Dated: September 10, 2025.

               Respectfully submitted,

               */s/ Melissa D. Stephenson*
               MELISSA D. STEPHENSON, ESQ.
               Florida Bar No.: 0072024
               mstephenson@fgppr.com
               ahall@fgppr.com
               Foran Glennon Palandech Ponzi & Rudloff
               2002 North Lois Avenue, Suite 505
               Tampa, FL 33607
               Telephone: (656) 207-8040
               Attorneys for Defendant, *ACE AMERICAN INSURANCE COMPANY*

## CERTIFICATE OF SERVICE

I certify that on September 10, 2025, a true and correct copy of the foregoing was filed with the Clerk via the CM/ECF system and served on all counsel of record on the Service List below via Electronic Mail.

**SAXE DOERNBERGER & VITA, P.C.**
Jonathan W. Chambers (Fla. Bar No. 105799)
Cheryl L. Kozdrey (pro hac vice pending)
999 Vanderbilt Beach Rd., Suite 603
Naples, Florida 34108
Tel.: (239) 316-7244
jchambers@sdvlaw.com

ckozdrey@sdvlaw.com
*Attorneys for Plaintiff, Sarasota Bayside, LLC.*

**BOYLE LEONARD ANDERSON, P.A.**
Mark A. Boyle, Esq. (Fla. Bar No. 5886)
9111 W College Pointe Dr
Fort Myers, FL 33919-3379
Tel.: (239) 337-1303
MBoyle@Insurance-counsel.com
*Attorneys for Plaintiff, Brasfield & Gorrie, LLC*

**ZELLE LLP**
Christine M. Renella, Esq. (Fla Bar No. 65485)
J. Bret Morace, Esq.(Fla. Bar No. 1010281)
110 E. Broward Blvd., Suite 2000
Fort Lauderdale, FL 33301
Tel.: (786) 693-2350
Fax: (612) 336-9100
crenella@zellelaw.com
bmorace@zellelaw.com
*Counsel for Defendants, XL Insurance America, Inc.
and Old Republic Union Insurance Company*

*/s/ Melissa D. Stephenson*
MELISSA D. STEPHENSON, ESQ.